# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN WILKERSON | * |
| Petitioner | * |
| v | *   Civil Action No. JFM-13-3937 |
| FRANK BISHOP, et al. | * |
| Respondents | * |

***

## MEMORANDUM

Respondents filed an answer to the above-captioned petition for writ of habeas corpus (ECF No. 4) seeking dismissal for failure to exhaust state remedies. Petitioner was provided 28 days to file a response, but has failed to file anything further in the case.[1] For the reasons state below, the petition shall be dismissed without prejudice and a certificate of appealability shall not issue.

## Background

Petitioner was sentenced to serve 18 months for second-degree assault on April 22, 2013, by the District Court of Maryland for Baltimore County. ECF No. 1. Initially, petitioner's term of confinement was given a starting date of March 21, 2013, to account for time he spent incarcerated awaiting trial. *Id.* at Ex. 1. Subsequently, the sentencing court issued an amended commitment record reflecting an earlier starting date of February 21, 2013. *Id.* at Ex. 2. Petitioner asserts that he was held beyond the expiration date of his sentence at the time he filed the instant petition, December 31, 2013. *Id.* at p. 7. Respondents assert, however, that at the time petitioner filed the instant case his release date was March 15, 2014, and had advanced to February 21, 2014, at the time the answer was filed. ECF No. 4 at Ex. 3. Notwithstanding

---
[1] Petitioner shall be granted leave to proceed in forma pauperis.

whether the allegations in the petition have merit, respondents assert the petition must be dismissed for petitioner's failure to exhaust state remedies. *Id.*

## Standard of Review

When filing a federal habeas corpus application under 28 U.S.C. §2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

## Analysis

In order to exhaust the instant claim[2] in the Maryland state courts, petitioner must seek review of his claims regarding the pre-trial detention credit by filing a state petition for writ of habeas corpus pursuant to Maryland Rule 15-301 *et seq.,* in the appropriate state circuit court. Petitioner alleged he was entitled to immediate release from prison if proper application was made of the pre-trial detention period to his current term of confinement, making state habeas relief available to him upon proof of his allegation. *See* Md. Rule 15-302(a)(1); *see also Maryland House of Correction v. Fields*, 113 Md. App. 136, 140, 686 A. 2d 1103, 1105 (1996) (habeas relief is appropriate where prisoner alleged that prison officials' actions were unauthorized; that he was unlawfully detained and was entitled to immediate release). In the event petitioner's state habeas was unsuccessful, he could avail himself of appellate review in the Maryland Court of Special Appeals and, if necessary, *certiorari* review in the Maryland Court of

---

[2] Providing the petition a liberal construction, it appears the "credits" petitioner references are not diminution of confinement credits awarded by the Division of Correction. Rather, the petition appears to concern pre-trial detention time awarded by a sentencing court. ECF No. 1. Thus, exhaustion of administrative remedies through the Inmate Grievance Office does not appear to be appropriate in this case.

2

Appeals." See *Stouffer v. Pearson*, 390 Md. 36, 887 A.2d 623 (2005); *Stouffer v. Staton*, 152 Md.App. 586, 833 A.2d 33 (2003); *Jones v. Filbert*, 155 Md.App. 568, 843 A.2d 908 (2004).

Petitioner did not avail himself of state review of his claims prior to filing the instant petition. Accordingly, the allegations raised are not exhausted and this court may not consider the merits of the claims asserted. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Petitioner has failed to demonstrate this standard; therefore, a certificate of appealability shall not issue.

A separate order follows.

3/20/14
Date

/s/
J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 MAR 19 P 4: 10
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY